IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o L.E., <br><br> Plaintiff(s), <br><br> v. <br><br> ACUATIVE (formerly known as TELSOURCE CORPORATION), ABC CORP. (1-10) (said names being fictitious and unknown entities), <br><br> Defendant(s). | Civil Action No.: 2:13-cv-02640-JLL-MAH |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Acuative Corporation (hereinafter "Acuative") hereby answers the Complaint filed by Plaintiff Patient Care Associates LLC ("Plaintiff") and asserts the following Affirmative Defenses.

### THE PARTIES

1. With respect to the allegations contained within this paragraph of the Complaint, Acuative admits only that Plaintiff holds itself out to be an ambulatory surgery center specializing in a wide array of surgical procedures and having its office located at 500 Grand Avenue, Englewood, NJ 07631.  Acuative lacks sufficient knowledge to confirm or deny the remaining allegations contained within this paragraph of the Complaint and leaves Plaintiff to its proofs.

2. Admitted.

1

3. It is admitted that Acuative conducts business in Bergen County. The allegation that venue was properly laid in Bergen County, prior to the removal of this action to Federal Court, is a legal conclusion to which no response is required. By way of further response, appropriate venue for this Court in the Superior Court of New Jersey is no longer relevant as the case has been properly removed to the United States District Court for the District of New Jersey.

4. With respect to the allegations contained in this paragraph of the Complaint, Acuative admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, Acuative denies each and every other allegation contained in this paragraph of the Complaint.

5. With respect to the allegations contained in this paragraph of the Complaint, Acuative admits only that L.E. is an enrollee in the self-funded group health benefit plan of Acuative. Except as so admitted, Acuative lacks sufficient knowledge to confirm or deny each and every other allegation contained in this paragraph of the Complaint.

6. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

2911556-01

## SUBSTANTIVE ALLEGATIONS

7. With respect to the allegations contained in this paragraph of the Complaint, Acuative admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, Acuative denies each and every other allegation contained in this paragraph of the Complaint.

8. Acuative denies each and every allegation contained within this paragraph of the Complaint.

9. Acuative denies each and every allegation contained within this paragraph of the Complaint.

10. Acuative denies each and every allegation contained within this paragraph of the Complaint.

11. With respect to the allegations contained in this paragraph of the Complaint, Acuative admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Acuative denies each and every other allegation contained in this paragraph of the Complaint.

12. With respect to the allegations contained in this paragraph of the Complaint, Acuative admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Acuative denies each and every other allegation contained in this paragraph of the Complaint.

13. Acuative admits that Plaintiff has demanded payment and demands payment herein of $66,181.36, but denies that it is liable in that amount or any amount.

14. It is admitted that Plaintiff submitted one or more appeals of the claim decision at issue in this case. Acuative denied each and every other allegations contained within this paragraph of the Complaint.

2911556-01

15. Acuative denies each and every allegation contained within this paragraph of the Complaint.

16. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

## FIRST COUNT
## (VIOLATION OF ERISA)

17. Acuative repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

18. The allegation contained in this paragraph of the Complaint is a legal conclusion to which no response is necessary. With respect to the allegation contained in this paragraph of the Complaint, Acuative admits that Section 502(A) of ERISA provides plan beneficiaries with the right to bring an action to recover benefits under a benefit plan governed by ERISA. To the extent these allegations may be construed to allege or imply any liability against Acuative, they are denied.

19. With respect to the allegations contained in this paragraph of the Complaint, Acuative admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, Acuative denies each and every other allegation contained in this paragraph of the Complaint.

20. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

21. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

22. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

23. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

24. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

25. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

26. With respect to the allegations contained in this paragraph of the Complaint, Acuative admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Acuative denies each and every other allegation contained in this paragraph of the Complaint.

27. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

2911556-01

28. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

29. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

30. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

**WHEREFORE**, Acuative Corporation demands judgment dismissing Plaintiff's Complaint plus other such relief to which Acuative is entitled as a matter of federal and state law.

## SECOND COUNT
## (ERISA – BREACH OF FIDUCIARY DUTY)

31. Acuative repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

32. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

33. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

2911556-01

34. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

35. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

36. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

37. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

**WHEREFORE**, Acuative Corporation demands judgment dismissing Plaintiff's Complaint plus other such relief to which Acuative is entitled as a matter of federal and state law.

## THIRD COUNT
## (NEGLIGENT MISREPRESENTATION)

38. Acuative repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

39. The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained within this paragraph of the Complaint.

2911556-01

40. The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained within this paragraph of the Complaint.

41. The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained within this paragraph of the Complaint.

42. The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained within this paragraph of the Complaint.

**WHEREFORE**, Acuative Corporation demands judgment dismissing Plaintiff's Complaint plus other such relief to which Acuative is entitled as a matter of federal and state law.

## FOURTH COUNT

43. Acuative repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

44. Acuative is without sufficient information to admit or deny the allegations contained within this paragraph of the Complaint. To the extent an answer is deemed necessary, Acuative denies each and every allegation contained in this paragraph of the Complaint.

2911556-01

**WHEREFORE**, Acuative Corporation demands judgment dismissing Plaintiff's Complaint plus other such relief to which Acuative is entitled as a matter of federal and state law.

          **CONNELL FOLEY LLP**
          Liberty View
          457 Haddonfield Rd., Ste. 230
          Cherry Hill, NJ 08002
          (856) 317-7100

          *Attorneys for Defendant*
          *Acuative Corporation*

BY:   *s/Thomas Vecchio*
          Thomas Vecchio, Esquire

DATE:   May 16, 2013

9

2911556-01

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff is limited to the remedies thereunder as against Acuative which are limited to payment of health benefits that were allegedly denied.

3. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff's claims are pre-empted by ERISA.

4. Plaintiff has failed to exhaust the mandatory administrative remedies under the terms of the applicable health benefit plan. Therefore, this action is premature.

5. Plaintiff's claims are barred by the express terms of the applicable health benefits plan.

6. Plaintiff seeks benefits that are not eligible for coverage according to the terms of the applicable health benefits plan.

7. Acuative did not owe any legal or contractual duty to Plaintiff.

8. Plaintiff lacks standing to assert the claims in the Complaint.

9. Acuative did not violate any legal or contractual duty owed to Plaintiff

10. Acuative acted reasonably and in good faith at all times.

11. Plaintiff's complaint is barred by the equitable Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

2911556-01

**WHEREFORE**, Acuative Corporation demands judgment dismissing Plaintiff's Complaint plus other such relief to which Acuative is entitled as a matter of federal and state law.

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Acuative Corporation*

BY: _s/Thomas Vecchio_
 Thomas Vecchio, Esquire

DATE:   May 16, 2013

11

## **CERTIFICATE OF SERVICE**

  I, Thomas Vecchio, of full age, hereby certify that the original of the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Court and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

Andrew Bronsnick, Esquire<br>
Massood & Bronsnick<br>
50 Packanack Lake Road East<br>
Wayne, NJ 07470

  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

|  |  |
|---|---|
|  | By: */s/Thomas Vecchio* |
| DATED:  May 16, 2013 | Thomas Vecchio, Esquire |

2911556-01